# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW GIANCRISTOFARO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMA PIZZA, LLC d/b/a &Pizza<br><br>Serve registered agent at:<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808<br><br>Defendant. | Case No.: 1:22-cv-7526<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Matthew Giancristofaro, individually, and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant Ima Pizza, LLC d/b/a &Pizza, states:

### BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Matthew Giancristofaro ("Plaintiff"), brings this case to protect the privacy rights of himself and a class of similarly situated people who were sent text messages on their phones by Defendant, Ima Pizza, LLC d/b/a &Pizza ("Defendant" or "&Pizza") after expressly requesting that &Pizza stop sending them text messages.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA affords special protections for people who continue to receive marketing text messages from a company after expressly requesting that the company stop sending such text messages. Specifically, the TCPA and its corresponding regulations provide that the company to whom the request is made must place the phone number of the person making the request on its internal do-not-call list and cease communications with the number. The TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do-not-call list is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. From January 2022 until November 2022, approximately 46.1 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited December 7, 2022). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

5. At all times relevant to this Complaint, Plaintiff resided in Brooklyn, New York and has been a citizen of the State of New York.

6. Plaintiff brings this action on behalf of himself and all others similarly situated.

7. &Pizza is a Delaware limited liability company that has been in good standing to transact business at all times relevant to this Complaint.

8. &Pizza transacts business in New York and throughout the United States.

9. &Pizza owns numerous restaurants in New York and throughout the United States. &Pizza describes itself as being "known for its critically acclaimed pizza and craft beverages."

10. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 as this case presents a federal question under the TCPA.

11. This Court has personal jurisdiction over &Pizza because &Pizza's solicits business in the State of New York, conducts business in the State of New York, and &Pizza otherwise has sufficient minimum contacts with the State of New York, and such contacts are continuous and systematic.

12. Furthermore, a substantial portion of the acts and omissions underlying this action occurred within the State of New York.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

**&Pizza's Marketing Tactics and Telemarketing Messages to Plaintiff**

14. Part of &Pizza's business includes marketing its products through text message marketing.

15. Plaintiff is the owner of a cell phone. The phone number associated with his cell phone is 201-XXX-3323.

16. Plaintiff's cell phone account/number is registered in his individual name and not in the name of a business.

17. Plaintiff's number is a residential line.

18. Plaintiff uses the cell phone/number primarily for personal purposes, namely, to communicate with friends and family members.

19. On April 29, 2021, Plaintiff received a text message on his cell phone from &Pizza with an image of multiple pizzas and the text "20% OFF Your Next Order" on the image. In addition, a simultaneous second text message was sent to Plaintiff's cell phone stating, "All the pies, all the soda, all the cookies. ALL 20% OFF. Available now through (EXP 05/02). Order now: l.and.pizza.com/drop/20off0429sms-ng?phone=1201XXX3323."

20. On April 29, 2021, Plaintiff responded, "stop."

21. &Pizza, however, did not stop sending Plaintiff text messages.

22. On May 7, 2021, Plaintiff received a text message on his cell phone from &Pizza with an image of multiple pizzas and the text "20% OFF Your Next Order" on the image. In addition, a simultaneous second text message was sent by &Pizza to Plaintiff's cell phone stating, "All the pies, all the soda, all the cookies. ALL 20% OFF. Available at your favorite shop, Astor, or any other &pizza location through (EXP 05/09). Order now: l.and.pizza.com/drop/20off0507sms?phone=1201XXX3323."

23. On May 7, 2021, Plaintiff sent two text messages in response to &Pizza's text message. Plaintiff responded, "stop" and then responded "cancel."

24. On June 16, 2021, Plaintiff received a text message on his cell phone from &Pizza with an image of a pizza with the text "GET ONE FOR $5" on the image. In addition, a simultaneous second text message was sent by &Pizza to Plaintiff's cell phone stating, "Give Dad the gift of &pizza for Father's Day. Starting Today and Ending Sunday Night, Buy One Pizza and Get One For $5. In-Shop, Pick-Up or Delivery from your fave &pizza location. Order NOW at l.andpizza.com/drop/bogo50616sms-nf?phone=1201XXX3323."

25. On June 16, 2021, Plaintiff responded, "stop."

26. On June 16, 2021, &Pizza responded, "Heard! You are unsubscribed from our list."

4

27. On June 18, 2021, Plaintiff received a text message on his cell phone from &Pizza. The text message stated, "you still there? don't forget about [the June 16 offer]. It's [pizza time] and this offer expires Sunday night!"

28. On June 18, 2021, Plaintiff responded, "stop."

29. On June 18, 2021, &Pizza responded, "Heard! You are unsubscribed from our list."

30. On July 29, 2021, Plaintiff received a text message on his cell phone from &Pizza with an image of a pizza with the text "YOU'RE INVITED. Free Pie + Drink. Sunday 8.1.21 12pm-3pm or 5pm-8pm (Doors will be closed otherwise) 740 Broadway, New York, NY 10003" on the image. In addition, a simultaneous second text message was sent by &Pizza to Plaintiff's cell phone stating, "&Pizza selects you – YES YOU! – to attend our Astor Place grand re-opening friends & fam event Sunday. Get your free – YES FREE! – pie and soda coupon when you RSVP by 7pm today by clicking here → l.andpizza.com/drop/astor-rsvp?phone=."

31. Each of the text messages Plaintiff received was sent from short code number 20003.

32. On information and belief, on or about December 15, 2018, &pizza registered short code 20003 to use for marketing purposes.

33. On information and belief, each of the websites to which the text messages directed Plaintiff were operated by &Pizza or someone acting on its behalf.

34. Plaintiff found the subject text messages to be irritating, distracting and invasive.

35. &Pizza's conduct violated the privacy rights of Plaintiff and the putative class members, as they were subjected to annoying and harassing text messages. &Pizza's text messages intruded upon the rights of Plaintiff and the putative class members to be free from invasion of their interest in seclusion.

5

36. &Pizza's conduct caused Plaintiff and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

37. On information and belief, &Pizza sent text messages to Plaintiff and the putative class members for the purpose of selling its products.

### &Pizza Aggressive Telemarketing Tactics

38. &Pizza's unwanted and harassing text message telemarketing practices are not limited to Plaintiff.

39. One consumer complained:

"&pizza is harassing me please make it stop. I've ordered from [&Pizza] ONCE and now they won't stop texting. I've replied STOP multiple times and even though it says I'm unsubscribed I still get a text from them 2 days later. I get more texts from a s*****y pizza parlor than my own family."

40. Another consumer complained:

"How to Unsubscribe from &Pizza? Can't take the spam anymore. I'll skip the rant about how I didn't ask for this and the magic of the place is gone when they did away with choosing your own during covid. . . ."

41. Another consumer complained:

". . . . The impetus for my leaving a review months later is the fact that I've just had to unsubscribe from the texts from &pizza for the THIRD time. . . ."

### Class Allegations

42. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

43. Plaintiff seeks to represent the following class:

> All persons in the United States who from four years prior to the filing of this action through class certification to whom: (1) &Pizza sent text messages marketing its products, (2) &Pizza sent more than one text message to the

person in a twelve-month period, (3) after the person requested that &Pizza stop sending them text messages.

44. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

45. The members of the proposed classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by &Pizza's actions. The phone numbers of the members of the proposed class are readily identifiable through records available to &Pizza or those acting on its behalf.

46. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

47. On information and belief, &Pizza has texted and continues to text people who have requested that &Pizza stop calling them, i.e., to be placed on &Pizza's internal do not call list. It is reasonable to expect that &Pizza will continue to send such text messages absent this lawsuit.

48. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

    a. Whether &Pizza sent text messages to Plaintiff and the putative class members after they requested that &Pizza no longer send them text messages;

    b. Whether &Pizza's conduct violates 47 U.S.C. § 227(c);

    c. Whether &Pizza's conduct violates the rules and regulations implementing the TCPA; and,

    d. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of &Pizza's conduct.

49. Plaintiff's claims are typical of the claims of the proposed class members because his claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

50. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class she seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action litigation, TCPA litigation and consumer law.

51. Plaintiff's counsel will vigorously litigate this case as a class action, and Plaintiff and his counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

52. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

53. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

54. Questions of law and fact, particularly the propriety of sending text messages to persons who requested that &Pizza no longer text them, i.e., to place them on &Pizza's internal do not call list, predominate over questions affecting only individual members.

55. &Pizza has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)

56. Plaintiff incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

57. The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

58. The regulations prescribed under Section 227(c) require companies like &Pizza, who engage in telemarketing to institute "procedures for maintaining a list of persons who request not to receive telemarketing calls on or behalf of that person or entity." *See* 47 C.F.R. § 64.1200(d).

59. These procedures must meet several minimum standards, including, but not limited to:

(1) *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

**(3)** *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

**(4)** *Identification of sellers and telemarketers.* A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

**(5)** *Affiliated persons or entities.* In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

**(6)** *Maintenance of do-not-call lists.* A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*See* 47 C.F.R. § 64.1200(d)(1)-(6).

60. &Pizza failed to maintain and/or implement these minimum standards by repeatedly sending text messages to Plaintiff and the putative class members after Plaintiff and the putative class members requested that &Pizza stop sending them text messages.

61. In addition, the TCPA allows the Court to enjoin &Pizza's violations of the TCPA's

10

regulations prohibiting calls to phone numbers that should have been placed on &Pizza's internal do not call list. *See* 47 U.S.C. §§ 227(c)(5)(A).

62. By sending text messages to the phones of Plaintiff and the putative class members after their numbers should have been placed on &Pizza's internal do not call list, &Pizza violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

63. &Pizza knew or should have known that Plaintiff and the putative class members did not wish to receive text messages as such persons expressly advised &Pizza that they did not wish to receive text messages from &Pizza.

64. Plaintiff and the putative class members are entitled to damages of $500.00 per violation for each text message sent by &Pizza in violation of the TCPA and up to $1,500.00 per violation if the Court finds that &Pizza willfully violated the TCPA.

**Demand for Judgment**

WHEREFORE Plaintiff Matthew Giancristofaro, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Ima Pizza, LLC d/b/a &Pizza pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Plaintiff as the class representative;

b. Enter an order appointing Kimmel & Silverman, P.C., Butsch Roberts & Associates LLC and Haseeb Legal LLC as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of the TCPA, or up to $1,500 per violation of the TCPA if &Pizza willfully violated the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative class that enjoins &Pizza from violating the TCPA's regulations prohibiting &Pizza from sending text messages to persons who have requested that &Pizza stop texting them;

e. Award Plaintiff and the class all expenses of this action, and require that &Pizza pay the costs and expenses of class notice and administration; and,

f. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Matthew Giancristofaro demands a jury trial in this case.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

By: */s/ Craig T. Kimmel*
Craig T. Kimmel, Esq.
Jacob U. Ginsburg, Esq. (*pro hac* forthcoming)
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888 ext. 148
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com


BUTSCH ROBERTS & ASSOCIATES LLC

David T. Butsch (*pro hac* forthcoming)
Christopher E. Roberts (*pro hac* forthcoming)
231 S. Bemiston Avenue, Suite 260
Clayton, Missouri 63105
Telephone: (314) 863-5700
Facsimile: (314) 863-5711
Email: DButsch@butschroberts.com
CRoberts@butschroberts.com

HASEEB LEGAL LLC

Syed H. Hussain (*pro hac* forthcoming)
420 E Waterside Dr #3004, Chicago, IL 60601
Telephone: (954) 225-4934
Facsimile: (312) 940-9775
Email: sh@haseeblegal.com
*Attorneys for Plaintiff Matthew Giancristofaro*

Dated: December 12, 2022